# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION

| | |
|---|---|
| RICHARD DEGEN,<br><br>                           Plaintiff,<br><br>- against -<br><br>SYNGENTA AG, SYNGENTA CROP PROTECTION LLC, and CHEVRON U.S.A., INC.; and DOES 1 through 60 inclusive,<br><br>                           Defendants. | Civil Action No. _____<br><br>(Formerly Case No. 21-CVS-217 in the Superior Court of North Carolina for Pamlico County) |

## NOTICE OF REMOVAL

Defendant Syngenta Crop Protection LLC ("Syngenta"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1367, hereby removes the above-captioned action from the Superior Court of North Carolina for Pamlico County, case number 21-CVS-217, to the United States District Court for the Eastern District of North Carolina. In support of removal, Syngenta provides this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

## NATURE OF REMOVED ACTION

1. On December 30, 2021, Plaintiff filed this action, *Degen v. Syngenta AG et al.*, in the Superior Court of North Carolina for Pamlico County, case number 21-CVS-217, against Syngenta Crop Protection LLC, Syngenta A.G., and Chevron U.S.A., Inc. ("Chevron"), alleging claims based upon exposure to products containing paraquat and Richard Degen's subsequent diagnosis with Parkinson's disease.

2. The Complaint asserts four causes of action against Syngenta and Chevron, namely: (i) strict products liability – design defect; (ii) strict product liability – failure to warn; (iii) negligence; and (iv) breach of implied warranty of merchantability.

3. The thrust of Plaintiff's allegations is that by manufacturing, distributing, or selling products containing paraquat, Syngenta and Chevron exposed him to an increased likelihood of developing Parkinson's disease, a disease that he was later diagnosed with.

4. This alleged conduct purportedly harmed Mr. Degen by causing him to incur present and future medical expenses, lost income or earning capacity, and other economic and non-economic damages. Compl. ¶¶ 83–87.

5. Over 1,300 similar cases—alleging Parkinson's disease based on past exposure to paraquat—have been filed against Syngenta and Chevron in federal courts around the country, and the vast majority have been consolidated into a multidistrict litigation in the Southern District of Illinois. *See In re: Paraquat Prods. Liab. Litig.*, 21-md-03004 (S.D. Ill. 2021). Discovery is proceeding in the MDL, and new cases are regularly being directly filed in or transferred to it. By filing this case in state court, Plaintiff is seeking to avoid the MDL, which is designed to ensure the most efficient and orderly administration of a large number of cases presenting common issues of law and fact.

6. This case is subject to removal on the grounds of diversity jurisdiction because there is complete diversity of citizenship between Plaintiff and the named Defendants.

7. Plaintiff's claims are also removable because they arise under federal law. Plaintiff's claims are premised on the breach of duties governed by the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §§ 136 *et seq.* ("FIFRA"), as regulated and enforced by the Environmental Protection Agency ("EPA"). *See, e.g.*, 7 U.S.C. § 136a (EPA must register any

pesticide, including herbicides, before it is sold domestically after weighing the economic, social, and environmental benefits and costs of the product); *id*. § 136(q)(1)(F) (FIFRA empowers EPA to control warnings, directions, and packaging, and specifically mandates warnings for pesticides that are "adequate to protect health and the environment"); *id*. § 136j(a)(2)(G) (making it illegal to use any pesticide "in a manner inconsistent with its labeling"); 40 C.F.R. § 152.160 (paraquat is a "restricted use" pesticide and may be applied only by a certified "restricted use" applicator or someone acting under a certified applicator's "direct supervision"); *id*. §§ 171.103, 171.105 (pesticide applicators are taught to read and understand warnings and instructions for paraquat and must take "[m]easures to avoid or minimize adverse health effects").

8. Because any duties relating to paraquat arise exclusively from federal law—FIFRA and its underlying regulations—alleged violations of federal law form the basis for the underlying claims. It would be illegal for any state to require that a paraquat label include a warning about the risk of developing Parkinson's disease because EPA has determined that no causal link exists. *See* 7 U.S.C. § 136v(b) (states are prohibited from imposing "labeling or packaging" requirements "in addition to or different from" those required under FIFRA); EPA, Paraquat Dichloride: Interim Registration Review Decision, Case No. 0262, at 18 (July 13, 2021), *available at* https://www.regulations.gov/document/EPA-HQ-OPP-2011-0855-0307 ("[T]he weight of evidence [is] insufficient to link paraquat exposure from pesticidal use of U.S. registered products to [Parkinson's disease] in humans.").

9. In accordance with 28 U.S.C. § 1446(a) and the Local Rules of this Court, a copy of the Complaint is attached as **Exhibit A** ("Compl."). A copy of the Summons served on Syngenta is attached as **Exhibit B**. A copy of all the Pamlico Superior Court case docket is attached as **Exhibit C**.

## TIMELINESS OF REMOVAL

10. Syngenta was served on June 15, 2022. Chevron has not yet been served. Defendants have not responded to the Complaint in state court.

11. In accordance with 28 U.S.C. § 1446(b), this notice of removal is timely filed because it is within 30 days of Defendants being served. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999) (30-day removal period begins to run upon service of summons and complaint).

## PROPRIETY OF VENUE

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the Superior Court of North Carolina for Pamlico County, where the state court action was pending prior to removal, is a state court within this federal district and division.

## BASIS OF REMOVAL

### Diversity Jurisdiction

13. Removal is proper pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

14. Plaintiff Richard Degen is a citizen of the state of North Carolina. Compl. ¶ 2.

15. Syngenta Crop Protection LLC operates its headquarters in Greensboro, North Carolina. But an LLC is a citizen of the State in which its members reside, not the State where its principal place of business is located, *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 701 (4th Cir. 2010), and, where applicable, a court must "trace [an LLC's] citizenship through multiple layers of ownership," *Hawkins v. i-TV Digitalis Tavkozlesi zrt. et al.*, 935 F.3d 211, 223 (4th Cir. 2019). Syngenta's sole member is Syngenta Seeds, LLC, which is headquartered in Downers Grove, Illinois. The sole member of Syngenta Seeds, LLC is Syngenta Corporation, which is incorporated and headquartered in Delaware. Syngenta Crop Protection LLC is therefore

4

a citizen only of the state of Delaware.

16. Syngenta AG is headquartered in Basel, Switzerland, and incorporated in Switzerland, and is thus a foreign citizen.

17. Chevron U.S.A. Inc. is headquartered in San Ramon, California, and incorporated in the Commonwealth of Pennsylvania, and it is thus a citizen of those two States. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010) (citing 28 U.S.C. § 1332(c)(1)).

18. Does One through Sixty are sued under fictitious names. Compl. ¶ 9. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Any citizenship of the Does therefore may not be considered for purposes of assessing diversity.

19. Therefore, complete diversity exists among the parties because Plaintiff is a citizen of North Carolina, and all named Defendants are either citizens of another state or foreign citizens.

20. There is more than a plausible basis for concluding that the amount in controversy requirement of $75,000 is met. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Plaintiff has requested in excess of $50,000 in monetary damages, and in addition requests pre-judgment and post-judgment interest, and costs including reasonable attorneys' fees. Compl. at 27. Plaintiff's monetary damages include present and future medical expenses for treating Parkinson's disease, lost income or earning capacity, and other economic damages. Compl. ¶¶ 83–87. There can be no doubt that the amount in controversy is met given that the cost of Mr. Degen's medical treatment alone likely satisfies the $75,000 requirement. *See, e.g.*, Matthew Gavidia, "Study Details Economic Burden of Parkinson's Disease in the United States," *available at* https://www.ajmc.com/view/study-details-economic-burden-of-parkinson-disease-

5

in-the-united-states.

21. Where, as here, a plaintiff alleges that he suffered serious and permanent physical injuries, a court is "not required to leave its common sense behind" when determining whether the amount in controversy is satisfied. *Adamson v. Big Lots Stores, Inc.*, No. 13-cv-238, 2013 WL 5308074, at *2 (E.D.N.C. Sep. 20, 2013) (denying remand). Defendants have established by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013); *see also Chek v. State Farm Fire & Cas. Co.*, No. 5:13-CV-378-JG, 2014 WL 12680676, at *2–3 (E.D.N.C. Mar. 17, 2014).[1]

22. For these reasons, this Court has subject matter jurisdiction pursuant to 28. U.S.C. § 1332.

## Federal Question Jurisdiction

23. Removal is proper in the alternative pursuant to 28 U.S.C. §§ 1331 and 1441 because Plaintiff's claims present a substantial federal question.

24. The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

25. "[W]hether a case 'arises under' federal law for purposes of § 1331" is governed by the "well-pleaded complaint rule." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). The artful-pleading doctrine, however, "empowers courts to look beneath the face of the complaint to divine the underlying nature of a claim." *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997); *see also Lopez-Munoz v. Triple-S Salud, Inc.*, 754 F.3d 1, 5 (1st Cir. 2014) ("[T]he artful

---

[1] If Syngenta is mistaken on this point, it invites Plaintiff to stipulate that his alleged damages do not exceed $75,000.

6

pleading doctrine allows a federal court to peer beneath the local-law veneer of a plaintiff's complaint in order to glean the true nature of the claims presented.").

26. Even when state law supplies the plaintiff's causes of action, a complaint may raise a substantial question of federal law if "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808–09 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983)); *see also Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007) ("Under the substantial-federal-question doctrine, a state law cause of action may actually arise under federal law, even though Congress has not created a private right of action, if the vindication of a right under state law depends on the validity, construction, or effect of federal law.").

### A. Plaintiff's Claims Implicate a Federal Issue That Is Necessarily Raised, Actually Disputed, Substantial, and Capable of Resolution in Federal Court.

27. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258 (quoting *Grable*, 545 U.S. at 313–14).

28. Where, as here, purported state law claims are premised on violations of duties governed by a federal statute, these requirements are satisfied, and a federal court has jurisdiction over those claims. *See Bd. of Comm'rs of Se. La. Flood Protection Auth.-East v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 722–23 (5th Cir. 2017) (concluding that federal question jurisdiction

7

exists because claims were premised on failure to satisfy standard of care established in federal statute); *see also Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 522 (8th Cir. 2020) (concluding a federal question was raised where "Plaintiffs' dependence on federal law permeates the allegations such that the [claims purportedly brought under state law] cannot be adjudicated without reliance on and explication of federal law").

29. Although Plaintiff ostensibly pleads claims against Syngenta and Chevron as violations of state law, he bases the underlying theory of liability on alleged violations of federal law or alleged duties arising out of federal law, specifically FIFRA. Compl. ¶¶ 50, 52–60 (citing FIFRA). Plaintiff expressly acknowledges that FIFRA imposes specific duties on entities that manufacture or sell paraquat, and that the EPA enforces those duties. *Id*. Plaintiff acknowledges that he "does not seek . . . to impose on Defendants any labeling or packaging requirement[s] in addition to or different from those required under FIFRA," and expressly states that "[a]ny allegation in this Complaint that a Defendant breached a duty to provide adequate directions for the use of or warnings about Paraquat, breached a duty to provide adequate packaging for Paraquat, concealed, suppressed, or omitted to disclose any material fact about Paraquat, or engaged in any unfair or deceptive practice regarding Paraquat, is intended and should be construed to be consistent with that alleged breach, concealment, suppression, or omission, or unfair or deceptive practice having rendered the Paraquat 'misbranded' under FIFRA." *Id*. ¶ 60. Plaintiff's claim that he "seeks relief in this action only under state law" and not under FIFRA is unpersuasive given that *all* of the duties at issue are governed by federal law. *Id*.

30. FIFRA and its implementing regulations are, as Plaintiff acknowledges, the exclusive source of the asserted legal duties regarding the labeling, handling, and use of paraquat. *See, e.g.*, 7 U.S.C. § 136(q)(1)(F) (FIFRA empowers EPA to control warnings, directions, and

packaging, and specifically mandates warnings that are "adequate to protect health and the environment"); *id*. § 136j(a)(2)(G) (it is illegal to use any pesticide "in a manner inconsistent with its labeling"). Indeed, states are *prohibited* from imposing "labeling or packaging" requirements "in addition to or different from" those required under federal law. *Id*. § 136v(b); *see also Nat'l Meat Ass'n v. Harris*, 565 U.S. 452, 459–60 (2012) (holding that such language "sweeps widely— and in so doing … prevents a State from imposing any additional or different—even if non-conflicting—requirements that fall within the scope of the" federal law). Accordingly, Plaintiff's claims are necessarily governed by the federal requirements under FIFRA and require interpretation and application of that statute, as any additional or different duties would be preempted.

31. Plaintiff's theories of liability against Syngenta and Chevron, as pleaded in the Complaint, are thus predicated on allegations that they breached alleged duties owed under FIFRA regarding the distribution and sale of paraquat. Plaintiff asserts, *inter alia,* that Syngenta and Chevron should have included additional or different information on the labels for paraquat products even though the information on those labels is directly approved by the EPA and federal law prohibits any state law from imposing different requirements. *See, e.g.,* Compl. ¶ 100.

32. The federal question presented by Plaintiff's claims therefore is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

33. ***First***, Plaintiff's claims necessarily require resolution of a federal question—i.e., what obligations and duties did Syngenta and Chevron have under FIFRA to warn about a hypothesized connection between paraquat and Parkinson's? *See North Carolina ex rel. N.C. Dep't of Admin. v. Alcoa Power Generating, Inc.*, 853 F.3d 140, 146 (4th Cir. 2017) ("Regardless

9

of the allegations of a state law claim, 'where the vindication of a right under state law necessarily turns on some construction of federal law,' the claim arises under federal law and thus supports federal question jurisdiction under 28 U.S.C. § 1331." (alteration omitted)); *see also Bd. of Comm'rs,* 850 F.3d at 722–23 (federal question necessarily raised where negligence and public nuisance claims relied on the court's interpretation of the scope of a duty contained in federal law); *NASDAQ OMX Grp., Inc. v. UBS Securities, LLC*, 770 F.3d 1010, 1021–23 (2d Cir. 2014) (duty derived from the Exchange Act to operate a fair and orderly market underpinned plaintiff's contract and tort claims and therefore necessarily raised a federal question); *Virgin Islands Hous. Auth. v. Coastal Gen. Constr. Servs. Corp.*, 27 F.3d 911, 916 (3d Cir. 1994) ("[A]n action under 28 U.S.C. § 1331(a) arises only if the complaint seeks a remedy expressly granted by federal law or if the action requires construction of a federal statute, or at least a distinctive policy of a federal statute requires the application of federal legal principles.").

34. **Second**, this federal issue is "actually disputed" because the parties disagree as to the existence and scope of the alleged duties arising under FIFRA. Specifically, the parties dispute whether Syngenta or Chevron had an obligation to warn about, or protect the public from, the alleged association between paraquat and Parkinson's disease, despite the fact that the EPA—the expert agency with regard to all pesticides—has concluded that no such connection exists. *See* EPA, Paraquat Dichloride: Interim Registration Review Decision, Case No. 0262, at 18 (July 13, 2021), *available at* https://www.regulations.gov/document/EPA-HQ-OPP-2011-0855-0307.

35. The key legal issue in this proceeding—whether exposure to paraquat creates an increased risk of developing Parkinson's disease—is currently under review in the Ninth Circuit. *See Cal. Rural Legal Assistance Found. v. E.P.A.,* No. 21-71287 (9th Cir. 2021). The petitioners in that action seek to "set aside, in whole or in part" the EPA's determination that there is

insufficient evidence to establish a causal relationship between exposure to paraquat and Parkinson's disease. *Id.* Ex. A at p. 59. The Ninth Circuit's review of a federal agency's determination regarding the key legal issue in this proceeding—whether there is evidence of a causal relationship between paraquat and Parkinson's disease—is clear confirmation that this lawsuit centers on a disputed federal issue.

36. ***Third***, the federal issue presented by Plaintiff's claim is "substantial." *Gunn*, 568 U.S. at 258. "The substantiality inquiry under *Grable* looks . . . to the importance of the issue to the federal system as a whole." *Id.* at 260. Among other things, the Court must assess whether the federal government has a "strong interest" in the federal issue at stake and whether allowing state courts to resolve the issue will "undermine 'the development of a uniform body of [federal] law.'" *Id.* at 260–61 (quoting *Grable*, 545 U.S. at 315; *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 162 (1989)). "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312.

37. Congress recognized the importance of a nationwide approach to the EPA's regulation of pesticides when it enacted FIFRA. *See Nathan Kimmel, Inc. v. DowElanco*, 275 F.3d 1199, 1205–06 (9th Cir. 2002) ("Congress has afforded the EPA substantial enforcement powers under FIFRA"). FIFRA recognizes the uniquely federal interest in regulating pesticides across the nation and expressly excludes the authority of states to do so. *See* 7 U.S.C. § 136v(b) (states are prohibited from imposing "labeling or packaging" requirements "in addition to or different from" those required under FIFRA); *see also Bates v. Dow Agrosciences LLC*, 544 U.S. 431 (2005) (creating a two-part test for analyzing preemption under FIFRA). Federal courts are uniquely

empowered to answer questions regarding the scope of FIFRA and to evaluate the EPA's decision-making, including with regard to paraquat and Parkinson's disease. *See Cal. Rural Legal Assistance Found. v. E.P.A.*, No. 21-71287 (9th Cir. 2021).

38. This lawsuit raises a substantial federal question even though FIFRA does not provide for a private right of action. In *Grable*, the Supreme Court held that the absence of a federal cause of action does not necessarily foreclose federal-question jurisdiction. The Court stated that applying *Merrell Dow* too narrowly would both "overturn[] decades of precedent," and "convert[] a federal cause of action from a sufficient condition for federal-question jurisdiction into a necessary one." *Grable*, 545 U.S. at 317; *see also, e.g.*, *NASDAQ OMX Grp., Inc.*, 770 F.3d at 1018–19, 1024 (determining that the federal issue was substantial even though the underlying federal statute did not include a private right of action where it was "significant to the development of a uniform body of federal securities regulation"); *Ranck v. Mt. Hood Cable Reg. Comm'n*, No. 16-cv-02409, 2017 WL 1752954, at *4–5 (D. Or. May 2, 2017) (state law claims based on violations of Cable Communications Policy Act raise substantial federal questions and satisfy *Grable* despite the absence of a private right of action).

39. Removal is especially appropriate here because Plaintiff's action is one of over 600 cases which are pending in the Paraquat MDL in the Southern District of Illinois. *See In re: Paraquat Prods. Liab. Litig.*, 21-md-03004 (S.D. Ill. 2021).

40. ***Fourth***, and finally, the federal issue also is capable of resolution in federal court "without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. Indeed, federal courts are afforded exclusive jurisdiction to hear challenges to the EPA's authority to enforce FIFRA. *See* 7 U.S.C. § 136n. Litigating this case in a state court runs the risk of the state court applying federal requirements in a manner either in tension or in conflict with the way

the federal agency tasked with enforcing FIFRA—the EPA—applies them. The pending petition for review in the Ninth Circuit regarding the EPA's determination regarding paraquat and Parkinson's disease illustrates that federal courts are uniquely situated to answer the central legal questions in this lawsuit. Federal jurisdiction is therefore properly exercised to resolve "disputed issues of federal law" under FIFRA.

41. In sum, removal of this action is appropriate because Plaintiff's "state-law claim[s] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314; *see also, e.g.*, *Bd. of Comm'rs*, 850 F.3d at 722–23; *NASDAQ OMX Grp.*, 770 F.3d at 1031.

### B. The Court Can Exercise Supplemental Jurisdiction.

42. If the Court determines that some, but not all, of Plaintiff's claims implicate a substantial federal question, the Court can evaluate whether to retain the non-federal claims under the doctrine of supplemental jurisdiction which grants jurisdiction over state claims forming part of the same case or controversy. *See* 28 U.S.C. § 1367(a).

43. It is not necessary to establish that *all* of Plaintiff's causes of action raise a federal question to establish federal jurisdiction. Even if Plaintiff could prove one or more of those counts without establishing a violation of federal law, "[n]othing in the jurisdictional statutes suggests that the presence of related state law claims somehow alters the fact that [the] complaints, by virtue of their federal claims, were 'civil actions' within the federal courts' 'original jurisdiction.'" *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 166 (1997). Instead, "federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that derive from a common nucleus of operative fact." *Id.* at 164–65.

13

44. Because the Court has original jurisdiction over at least some counts against Syngenta and Chevron, it has supplemental jurisdiction over Plaintiff's remaining counts against the Defendants, which are so related that they "form part of the same case or controversy."

45. The presence of state law claims, if any, therefore does not defeat this Court's original jurisdiction over the federal claims.

## OTHER REMOVAL ITEMS

46. Under 28 U.S.C. § 1446(b)(2)(A), all Defendants that have been properly joined and served must join or consent to removal.

47. All Defendants that have been served in this action—i.e., Syngenta—consent to removal.

48. By filing this Notice of Removal, Syngenta expressly reserves, and does not waive, any and all defenses that may be available to it, including those related to personal jurisdiction and service of process. If any question arises as to the propriety of removal to this Court, Syngenta requests the opportunity to submit a brief in support of its position that this case has been properly removed and to present oral argument.

49. Pursuant to 28 U.S.C. § 1446(d), Syngenta is contemporaneously filing a Notice of Removal with the clerk of the state court where the lawsuit has been pending and serving notice of the filing of this Notice of Removal on Plaintiff. Pursuant to Local Civil Rule 5.2(a)(2), within seven days of the filing of these papers Syngenta will file the notice submitted to the state court.

**WHEREFORE**, Syngenta removes this action, now pending in the Superior Court of North Carolina for Pamlico County, case number 21-CVS-217, to this Court.

Dated June 27, 2022                               Respectfully submitted,

                                               **WOMBLE BOND DICKINSON (US) LLP**

*s/ Kurt D. Weaver*
Kurt D. Weaver (N.C. Bar No. 27146)
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
(919) 755-8163
Kurt.Weaver@wbd-us.com

Patrick L. Butler (NY Bar No. 5813456)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 389-5000
patrick.butler@kirkland.com

*Attorneys for Defendant Syngenta Crop Protection LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 27, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court, and that a copy of the foregoing is being furnished by U.S. Mail and e-mail to counsel for Plaintiff, Gabriel Snyder, at the following addresses:

E-Mail
gsnyder@wardblacklaw.com

Mail
Gabriel Snyder
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC 27401

                                              *s/ Kurt D. Weaver*
                                              *Attorney*